## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR REYES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAW ENFORCEMENT EMPLOYEES BENEVOLENT ASSOCIATION; KENNETH WYNDER, JR., in his official capacity as President of the Law Enforcement Employees Benevolent Association; BILL DE BLASIO, in his official capacity as Mayor of New York City; NEIL MATTHEW, in his official capacity as Executive Director of the New York City Financial Information Service Agency, Office of Payroll Administration; RENEE CAMPION, in her official capacity as Commissioner of the New York City Office of Labor Relations; FRANK J. MILAZZO, in his official capacity as Police Chief for the New York City Department of Environmental Protection Police,<br><br>　　　　　Defendants. | Case No. 1:21-cv-1945<br><br>(Hon. _____)<br><br><br>**COMPLAINT** |

AND NOW comes Plaintiff Hector Reyes, by and through his undersigned attorneys, and states the following claims for relief against Defendants Law Enforcement Employees Benevolent Association ("LEEBA"); Kenneth Wynder, Jr., in his official capacity as President of LEEBA; Bill de Blasio, in his official capacity as Mayor of New York City; Neil Matthew, in his official capacity of Executive Director of the New York City Financial Information Service Agency, Office of Payroll Administration; Renee Campion, in her official capacity as Commissioner of the New York City Office of Labor Relations; and Frank J. Milazzo, in his official capacity as Police Chief for the New York City Department of Environmental Protection Police:

## SUMMARY OF THE CASE

1.     This is a civil rights action pursuant to 42 U.S.C. § 1983 for injunctive, declaratory, and monetary relief to redress and to prevent the ongoing deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution caused by state statutes and Defendants' contracts, policies, and practices that prohibit Mr. Reyes from resigning from Defendant LEEBA and from ending financial support of Defendant LEEBA.

2.     In so doing, Defendants have acted under the color of state law, specifically the Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law, Article 14 (the "Taylor Law"), and/or other state laws or policies and are therefore state actors.

3.     Pursuant to the Taylor Law and agreements between Defendant LEEBA and Mr. Reyes's employer, the City of New York, which set forth terms and conditions of employment for certain public employees, including Mr. Reyes, Defendants have deprived, are depriving, and are threatening to continue to deprive Mr. Reyes of his constitutional rights. Specifically, Defendants, acting in concert through their officers, agents, and officials, require Mr. Reyes to remain a member of Defendant LEEBA and/or to financially support Defendant LEEBA by restricting or ignoring his right to resign from union membership and end all aspects of union membership and by refusing to acknowledge and/or accept Mr. Reyes's resignation and revocation of dues authorization, all under the color of state law.

4.     Despite Mr. Reyes's resignation from Defendant LEEBA, Defendants continue to deduct union dues and/or fees from his wages. Therefore, in addition to injunctive and declaratory relief against all Defendants, Mr. Reyes also seeks compensatory and nominal damages from Defendant LEEBA for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5.        This action arises under the Constitution and laws of the United States of America. It also arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Mr. Reyes's rights, privileges, and immunities under the Constitution of the United States, particularly the First and Fourteenth Amendments thereto.

6.        The Court has jurisdiction over Mr. Reyes's claims pursuant to 28 U.S.C. § 1331— because his claims arise under the Constitution of the United States—and 28 U.S.C. § 1343— because Mr. Reyes seeks relief under 42 U.S.C. § 1983.

7.        This action is an actual controversy in which Mr. Reyes seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a defendant, LEEBA, is domiciled in and operates or does significant business in this judicial district. Additionally, a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

9.        Plaintiff Hector Reyes is a "public employee" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.7 (McKinney 2020), employed by the New York City Department of Environmental Protection Police ("DEP"). Mr. Reyes is employed in a bargaining unit represented, exclusively for purposes of collective bargaining, by Defendant LEEBA. Mr. Reyes was a member of Defendant LEEBA but has not been since the date of his resignation therefrom.

10.        Defendant LEEBA is an "employee organization" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.5. LEEBA represents certain New York City employees, including Mr. Reyes, exclusively for purposes of collective bargaining with New York City. LEEBA

maintains a place of business at 80 Broad Street, Suite 516, New York, New York, and conducts its business and operations throughout the New York City metropolitan area, including the Southern District of New York.

11.     Defendant Kenneth Wynder, Jr., is President of LEEBA and is responsible for, among other things, managing Defendant LEEBA's day-to-day operations and overseeing all union business, including membership resignations and dues deductions. He is sued in his official capacity.

12.     Defendant Bill de Blasio is the Mayor of New York City and is responsible for, among other things, New York City executive policy regarding union dues deduction. He is sued in his official capacity.

13.     Defendant Neil Matthew, Executive Director of the New York City Financial Information Services Agency, Office of Payroll Administration ("OPA"), is responsible for, among other things, processing wages to New York City employees, including Mr. Reyes. He oversees the city's payroll system, which includes processing all payroll deductions, including union dues or fees pursuant to the requirements of the Taylor Law. He is sued in his official capacity.

14.     Defendant Renee Campion is the Commissioner of the New York City Office of Labor Relations and is sued in her official capacity. Ms. Campion, and/or her predecessor, on behalf of the City of New York, entered into the memorandum of economic agreement ("MEA") and other agreements between the City of New York and Defendant LEEBA, which control Mr. Reyes's terms and conditions of employment.

15.     Defendant Frank J. Milazzo, Police Chief for the DEP, is responsible for assisting with administration, coordination, and implementation of departmental policies, procedures, and activities. Upon information and belief, he is also the Bureau of Police and Security's Administrator. In this capacity he is responsible for overseeing the Bureau's daily operations, including inquiries

related to Defendant LEEBA and, therefore, union dues deductions and resignations. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

16.     Acting in concert under color of state law, the City of New York, by and through Defendant Campion, and Defendant LEEBA, by and through Defendant Wynder, have entered into the MEA and other agreements that control the terms and conditions of Mr. Reyes's employment.

17.     Pursuant to certain terms of the MEA and/or other agreements, Defendant Matthew deducts union dues and/or fees from employees' wages for Defendant LEEBA and transmits them to LEEBA.

18.     State law requires Mr. Reyes's employer to extend to Defendant LEEBA the right to dues deductions from the wages of its employees.

19.     Specifically, the Taylor Law provides that "[a] public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights: . . . (b) to membership dues deduction, upon presentation of dues deduction authorization cards signed by individual employees. . . ." N.Y. Civ. Serv. Law § 208.1.

20.     The Taylor Law also provides that "[t]he right to such membership dues deduction shall remain in full force and effect until: (i) an individual employee revokes membership in the employee organization in writing in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208.1.

21.     Upon information and belief, Mr. Reyes became a member of Defendant LEEBA in or about 2005.

22.     On October 18, 2018, Mr. Reyes resigned his LEEBA membership and sought to end union dues deductions via letters to Defendant LEEBA, the OPA, and the DEP.

23.     Mr. Reyes's written resignation from Defendant LEEBA requested that LEEBA and the OPA provide him with a copy of any document and/or agreement that Mr. Reyes signed that LEEBA or the OPA believed to be the basis for refusing to allow Mr. Reyes to resign his membership and/or revoke his dues deduction authorization.

24.     No Defendant has provided Mr. Reyes with any document and/or agreement signed by Mr. Reyes that is the basis for refusing to allow Mr. Reyes to resign his LEEBA membership and/or revoke his union dues deduction authorization.

25.     Specifically, no Defendant has provided Mr. Reyes with a copy of any membership agreement or dues deduction authorization allegedly signed by Mr. Reyes.

26.     Mr. Reyes informed his direct supervisor at the DEP, Lieutenant Michael Martinez, that he wanted to resign from Defendant LEEBA and thought Lt. Martinez could help because, upon information and belief, Lt. Martinez had resigned from LEEBA at this time. Lt. Martinez instructed Mr. Reyes to speak to Defendant Milazzo because Milazzo was the Bureau Administrator.

27.     As Bureau Administrator for Police and Security, Defendant Milazzo is the point of contact for the DEP with Defendant LEEBA for issues involving, among other things, union dues deductions.

28.     On January 6, 2020, Mr. Reyes informed Defendant Milazzo by email that dues deductions to Defendant LEEBA were still being deducted from his wages despite his resignation from LEEBA membership.

29.     Also in his email to Defendant Milazzo on January 6, 2020, Mr. Reyes asked Defendant Milazzo to send Mr. Reyes's resignation letter, which he attached to the email to Defendant Milazzo, "to the appropriate individual that may help [Mr. Reyes] opt[] out of the . . . union."

6

30.     Defendant Milazzo replied to Mr. Reyes's January 6, 2020 email on January 15, 2020, and informed Mr. Reyes that Defendant LEEBA refused to process his resignation without a notarized letter. Milazzo instructed Mr. Reyes to: (1) rewrite his letter; (2) have it notarized; and (3) send the letter to both LEEBA and the DEP while referencing his original resignation letter in the new, notarized letter.

31.     In his January 15, 2020 email to Mr. Reyes, Defendant Milazzo also instructed Mr. Reyes to forward him a copy of Mr. Reyes's second resignation letter so that Milazzo could forward it and "get this taken care of."

32.     Upon information and belief, Defendant Milazzo has assisted other DEP police officers with resigning from Defendant LEEBA.

33.     Since on or about October 18, 2018, Defendant Matthew, in his role at the OPA, has continued to deduct purported union dues and/or fees from Mr. Reyes's wages and has said dues and/or fees transmitted to Defendant LEEBA.

34.     Since on or about October 18, 2018, Defendant LEEBA has continued to consider Mr. Reyes as a member of LEEBA and from that time has continued to take and/or accept purported union dues and/or fees from his wages.

35.     Upon information and belief, Defendant Matthew requires employees represented by Defendant LEEBA to effectuate their LEEBA membership resignation and/or revocation of union dues deduction authorizations through LEEBA.

36.     Defendant Matthew, and/or his agents or officials, denies union members' requests to resign their LEEBA membership and/or end union dues deductions from their wages without authorization from Defendant LEEBA.

37.     Pursuant to its policies, practices, and/or decisions enacted and/or acted upon by Defendant Matthew and/or his agents or officials, and despite receiving a copy of Mr. Reyes's

resignation in October 2018, Defendant Matthew refuses to end the deductions of union dues and/or fees from Mr. Reyes's wages.

38.     Defendant de Blasio has a policy that the OPA determines the form of the employee's dues deduction authorization, including Mr. Reyes's:

> Each payroll deduction for union dues shall be predicated upon a written authorization by the employee in a form prescribed by the Office of Payroll Administration . . . . The authorization card shall be signed by each individual employee and filed by the employee organization with the payroll office of the department or agency where the member is employed.

Exec. Order No. 107, "Procedures for Orderly Payroll Check-Off of Union Dues and Agency Shop Fees (December 29, 1986).

39.     No Defendant has provided Mr. Reyes with notice of his constitutional rights as a nonmember to not pay any union dues and/or fees to Defendant LEEBA or to due process, including notice and an opportunity to object to how any nonconsensual union dues and/or fees taken from him are used.

40.     Mr. Reyes has never waived his constitutional rights as a nonmember not to pay union dues and/or fees to Defendant LEEBA.

41.     Acting in concert under color of state law, Defendants have taken and continue to take and/or have accepted and continue to accept purported union dues and/or fees from Mr. Reyes's wages as a condition of employment pursuant to state law, the MEA or other agreements between them, and/or their joint policies and practices.

42.     Defendants have taken and continue to take and have accepted and continue to accept purported union dues and/or fees from Mr. Reyes's wages even though the seizure of purported union dues and/or fees from his wages is against Mr. Reyes's will and without his consent.

43.     Defendants still consider Mr. Reyes to be a member of Defendant LEEBA and still take and/or accept union dues deducted from his wages.

44.     According to a press release from the Internal Revenue Service, Defendant Wynder was arrested in July 2020 for allegedly defrauding union members by misappropriating money from LEEBA's Annuity Fund. In light of this, and among other reasons, Mr. Reyes objects to continuing to be forced to pay money to or in any way be associated with Defendant LEEBA.

45.     Mr. Reyes objects to compelled association with and financial subsidization of any activities of Defendant LEEBA for any purpose.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

46.     Mr. Reyes re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

47.     The First Amendment to the Constitution of the United States protects associational, free speech, and free choice rights, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

48.     The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

49.     There is no state interest, compelling or otherwise, justifying the requirement that individuals remain members of or provide financial support to a private organization, including a labor organization, for any length of time.

50.     The Taylor Law, Sections 201 and 208, and Defendants' agreements, on their face and/or as applied by Defendants, authorize and/or require Mr. Reyes's employer, by and through its

agents and officials, and Defendant LEEBA to force public employees to remain LEEBA members and/or full union dues payers despite their expressed intention to resign union membership and/or end financial support of a union, in violation of public employees' rights under the First Amendment.

51.     The Taylor Law, Sections 201 and 208, on their face and/or as applied by Defendants, permit Defendants to require that public employees maintain unwilling association with and financial support to Defendant LEEBA and are, therefore, unconstitutional. This forced membership requirement impinges on Mr. Reyes's rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

52.     The Taylor Law, on its face and/or as applied by Defendants, authorizes Defendants to violate Mr. Reyes's constitutional rights by withholding union dues and/or fees from him without his consent, in violation of the Constitution of the United States as explained in *Janus*, 138 S. Ct. 2448.

53.     The First Amendment prevents Defendants from requiring Mr. Reyes to be a member of Defendant LEEBA.

54.     Because Mr. Reyes has resigned his LEEBA membership, the First Amendment protects him as a nonmember public employee from having Defendants deduct nonconsensual financial support for Defendant LEEBA from his wages as a condition of employment.

55.     A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

56.     Mr. Reyes has not waived his constitutional right as a nonmember not to provide financial support via payroll deduction or other method to Defendant LEEBA.

10

57.     Mr. Reyes has not waived his constitutional right not to financially support Defendant LEEBA after he became a nonmember following his resignation of LEEBA membership.

58.     Defendants are acting in concert and under color of state law to seize, process, and/or accept deductions of union dues and/or fees from Mr. Reyes's wages.

59.     Defendants, by deducting and collecting and/or causing to be deducted and collected financial support for Defendant LEEBA from Mr. Reyes's wages via payroll deduction, despite his resignation from LEEBA and his revocation of consent to union dues deductions, pursuant to Defendants' policies, practices, and/or decisions, and without clear and compelling evidence that he has waived his constitutional rights, are depriving Mr. Reyes of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

60.     As a direct result of Defendants' actions taken under the Taylor Law, Defendants' MEA and other agreements, and/or Defendants' joint policies and practices, Mr. Reyes:

a.      has been prevented from exercising his rights and privileges to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

b.      has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

c.      is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of suffering monetary damages and other harm; and

d.       is in imminent danger of suffering irreparable harm, damage, and injury

inherent in the violation of First and Fourteenth Amendment rights for which there is no

adequate remedy at law.

61.     If not enjoined by this Court, Defendants and/or their agents and officials will

continue to effect the aforementioned deprivations and abridgments of Mr. Reyes's constitutional

rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy

at law.

### COUNT TWO
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

62.     Mr. Reyes re-alleges and incorporates by reference all allegations contained in the

foregoing paragraphs of this Complaint as if fully set forth herein.

63.     The Fourteenth Amendment to the Constitution of the United States guarantees due

process to those facing deprivation of liberty or property by state actors. *See Mathews v. Eldridge*, 424

U.S. 319, 348–49 (1976).

64.     Additionally, public-sector unions and public employers have a responsibility to

provide procedures that minimize constitutional impingement inherent in compelled association and

speech and facilitate the protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v.*

*Hudson*, 475 U.S. 292, 307 & n.20 (1986).

65.     Defendants have not implemented policies and procedures that are narrowly tailored

to reduce the impingement on Mr. Reyes's constitutional rights, including the constitutionally

required procedures and disclosures regarding the use of union dues and/or fees taken from him as

a condition of employment, as recognized in *Hudson*.

66.     Defendants have not provided Mr. Reyes with notice of or a meaningful opportunity to object to the continued seizure of a portion of his wages via payroll deductions by Defendants or the use of his funds by Defendant LEEBA.

67.     Mr. Reyes has never waived his due process rights, including his right not to subsidize the speech and activities of Defendant LEEBA.

68.     As a direct result of Defendants' concerted actions, taken pursuant to state law, the MEA and other agreements between Defendants, and their joint policies and practices, Mr. Reyes:

a.     is being prevented from exercising his rights and privileges to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization that he objects to supporting;

b.     is being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and has suffered monetary damages and other harm; and

c.     is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

69.     If not enjoined by this Court, Defendants and/or their agents and officials will continue to effect the aforementioned deprivations and abridgments of Mr. Reyes's constitutional rights, thereby causing him irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A.     **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

       i.       that Defendants' actions in forcing Mr. Reyes to remain a member of Defendant LEEBA, and the Taylor Law provisions contained in Sections 201 and 208, to the extent they relate to, authorize, and/or require Defendants to do so, on their face and/or as applied, violate the First and Fourteenth Amendments to the Constitution of the United States;

       ii.      that any taking of union dues and/or fees from Mr. Reyes after his resignation of LEEBA membership and without proper constitutional notice and waiver violates his rights under the First and Fourteenth Amendments to the Constitution of the United States, and that any provisions of the Taylor Law, the MEA, or other agreements between Defendants, and/or any other purported authorizations that authorize or require such deductions of union dues and/or fees from Mr. Reyes are unconstitutional;

       iii.     that the First and Fourteenth Amendments to the Constitution of the United States prevent Defendants from restricting Mr. Reyes's right to resign from union membership at any time;

       iv.     or, alternatively, that the First and Fourteenth Amendments require Defendant LEEBA to provide Mr. Reyes with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from him and the purposes for which the monies are used, including the notice and procedures required by *Hudson*.

B.     **Injunctive:** A permanent injunction:

       i.      enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

              a.     engaging in any of the activities listed in Part A above, which this Court declares illegal;

b.      enforcing any provisions in the Taylor Law, the MEA between

Defendants, Defendants' policies and practices, and/or any subsequent

substantially similar provisions agreed to between Mr. Reyes's employer, the

DEP, and Defendant LEEBA, which require Mr. Reyes to remain a member

of LEEBA for any duration of time beyond that which Mr. Reyes wishes to

remain a member;

ii.      requiring Defendants, their officers, employees, agents, attorneys, and all

others acting in concert with them, to:

a.      recognize and honor Mr. Reyes's request to resign from Defendant

LEEBA membership, retroactive to the date of his resignation on October

18, 2018; and

b.      refund to Mr. Reyes all union dues and/or fees deducted from his

wages from the date of his resignation, plus interest thereon;

c.      or, alternatively, to provide constitutionally adequate notice and

procedures regarding the payroll deductions of forced financial support of

Defendant LEEBA from Mr. Reyes's wages.

C.      **Monetary:** A judgment against Defendant LEEBA awarding Mr. Reyes nominal and

compensatory damages for the injuries sustained as a result of Defendants' unlawful interference

with and deprivation of his constitutional and civil rights including, but not limited to, the amount

of union dues and/or fees deducted from his wages after his resignation, plus interest thereon, and

such amounts as principles of justice and compensation warrant.

D.      **Attorneys' Fees and Costs:** A judgment awarding Mr. Reyes costs and reasonable

attorneys' fees under 42 U.S.C. § 1988; and

E.      **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 5, 2021                    **s/ Tyler K. Patterson**
                                        Tyler K. Patterson
                                        NYS Attorney I.D. No. 5076930
                                        Email: tkpatterson@fairnesscenter.org
                                        Nathan J. McGrath*
                                        Email: njmcgrath@fairnesscenter.org
                                        Danielle R. Acker Susanj*
                                        Email: drasusanj@fairnesscenter.org
                                        THE FAIRNESS CENTER
                                        500 North Third Street, Suite 600B
                                        Harrisburg, Pennsylvania 17101
*motion for admission *pro hac vice*    Telephone: 844.293.1001
to be filed                             Facsimile: 717.307.3424

                                        *Attorneys for Plaintiff*